Argued July 12, affirmed October 2, 1968

JOHNSTON, *Respondent, v.* THE ABBEY,
INC., *Appellant.*

445 P. 2d 596

*James H. Lewelling,* Newport, argued the cause
and filed a brief for appellant.

*Eugene K. Richardson,* Newport, argued the cause
and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN and GOOD-WIN, Justices.

PER CURIAM.

■ Defendant appeals a decree foreclosing a mechanic's lien on a restaurant building. The principal issue on trial was whether the builder proved the cost-plus contract under which he claimed the sums for which he filed his lien. The evidence was sufficient to support all findings in favor of the builder.

■ The defendant also contends that the lien notice was defective in that it contained an alleged lumping of lienable and nonlienable items. The notice included the sum of $3,573.27, which was ten per cent of the cost of certain materials proved to have been furnished by the owner. Since the contract provided that the builder was to receive for his services a fee equal to ten per cent of the cost of all materials going into the finished building, the challenged item was properly included in the contract price for the builder's services and was, therefore, a lienable item within the doctrine of *Timber Structures v. C. W. S. G. Wks.*, 191 Or 231, 249, 229 P2d 623, 25 ALR2d 1358 (1951), and *Mathis v. Thunderbird Village, Inc.*, 236 Or 425, 435, 389 P2d 343 (1964).

■ The defendant also attacks the lien notice because it understated the amount due the builder by some $900. The builder was unable to obtain from the defendant all the information necessary to compute the amount due, and accordingly erred on the side of understatement. It would ill behoove a court of equity to countenance the defendant's proposition that because the defendant withheld information from the

builder and thus made it impossible for the builder to complete his lien notice with mathematical accuracy before his time expired, the lien was void.

Affirmed.